IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

ORLANDO RIVERA (B-45361),    )
                             )
            Plaintiff,       )    Case No. 13 C 7266
                             )
      v.                     )
                             )    Judge Charles R. Norgle, Sr.
MARCUS HARDY, et al.,        )
                             )
            Defendants.      )
                             )

## OPINION AND ORDER

Defendants' "Motion to Dismiss Plaintiff's Amended Complaint" (Dkt. No. 39) is granted in part and denied in part for the reasons stated herein. Plaintiff may proceed with the following claims: (1) a claim that Defendants McClelland, Winters, Jackson, and Bishop violated his right to procedural due process in regard to his disciplinary proceedings; (2) an excessive force claim against Defendant Winters. All other claims, and all other Defendants, are dismissed.

## BACKGROUND

Plaintiff Orlando Rivera ("Plaintiff"), an inmate at Illinois River Correctional Center, brings this *pro se* complaint alleging denial of his due process rights, retaliation, and excessive force as a result of events that occurred at Stateville Correctional Center ("Stateville") in May 2012. Plaintiff filed his amended complaint on November 21, 2014, naming as Defendants Warden Marcus Hardy, grievance officer Anna McBee, Correctional Officer Niccoelle Jackson, Lt. Yvonne Bishop, Correctional Officer Raviel Winters, and Sgt. John McClelland. The following facts are taken from the amended complaint, viewed in the light most favorable to Plaintiff.

Plaintiff alleges that on May 2, 2012, he was returning to his cell from the chow hall when he was subject to a shakedown in which a banana was seized. It is not clear what officer performed the search, but upon arriving at the cell house, Plaintiff alleges that Correctional Officer Winters had difficulty locking the cell door and started yelling at the inmates that they should lock themselves up. After another inmate talked back to Winters, Winters allegedly became angry and threatened the inmates, adding, "in fact, if any of you ask me for anything, the answer is no." Plaintiff alleges that he told Winters, "I'll ask another officer if I need anything." Winters then became aggressive toward Plaintiff, and he and Plaintiff got into a verbal altercation, during which Plaintiff claims Winters threatened him, and Plaintiff replied with, "You won't do shit to me." Plaintiff contends that Winters pushed him "very hard and aggressively in the back into his cell." Sgt. McClelland then stepped between Winters and Plaintiff, ending the altercation.

Plaintiff subsequently was served with disciplinary charges by Correctional Officer Jackson. The charges were prepared by McClelland and Winters. Plaintiff was charged with assault, intimidation, insolence, possession of contraband, and disobeying a direct order. He pleaded not guilty. An adjustment committee, consisting of Jackson and Lt. Bishop, found Plaintiff guilty of all charges except the contraband charge. Plaintiff alleges that as a result of these charges he spent three months in segregation in a filthy, roach- and rodent-infested cell.

Plaintiff contends that prior to the hearing, he informed Jackson that he wanted to call certain inmates as witnesses. Jackson told him she would investigate those witnesses, but it did not make sense to question thirty inmates about the same thing. Later, at the hearing, Plaintiff tried to present witness affidavits, but the committee would not accept them.

2

Plaintiff filed a grievance on May 13, 2012, contending that he was wrongly found guilty of the disciplinary charges. The grievance was denied by grievance officer Anna McBee, a decision upheld by Warden Marcus Hardy. Plaintiff appealed to the Administrative Review Board ("ARB"), which found that the disciplinary report should be expunged for noncompliance with certain regulations at Plaintiff's hearing.

Plaintiff seeks to recover from Winters for excessive force. He alleges that Winters and McClelland prepared a false disciplinary report in retaliation for Plaintiff speaking up when Winters was using threatening and derogatory language toward the inmates. He also contends that the disciplinary proceedings, and McBee's and Hardy's response to his grievance, violated his right to due process. Finally, Plaintiff alleges, in a conclusory fashion, that all Defendants conspired to violate his constitutional rights.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Smith v. Medical Benefit Adm'rs Grp., Inc.*, 639 F.3d 277, 281 (7th Cir. 2011). Rule 8 does not require detailed factual allegations. Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations, however, must be enough to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n. 14 (2007). When reviewing a motion to dismiss, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the non-moving party. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

# ANALYSIS

A.  **Excessive Force**

Plaintiff alleges that following their verbal altercation, Correctional Officer Winters shoved him "very hard and aggressively in the back into his cell." Sgt. McClelland then stepped between the two men and ended the altercation. The intentional use of excessive force by prison guards without penological justification violates the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 6–7 (1992). The key inquiry is whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.

Defendants contend this claim must be dismissed because Plaintiff alleges only a shove that caused no physical injury. The Supreme Court has held that a significant injury is not a requirement for stating an excessive force claim. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Rather, when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are violated, regardless of the presence of a significant injury. *Id.*

The extent of injury is relevant, however, as it may provide some indication as to the amount of force used and whether that force was justified. *Id.* Further, a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* at 38 (internal citations omitted). However, the Supreme Court in *Wilkins* cautioned that "injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." *Id.* It may be that Plaintiff's claim falls into that category of cases where the force used was *de minimis*, and therefore no claim can survive. However, pending further factual development about the nature of the shove and any injuries or pain sustained by Plaintiff, he may proceed with

4

an excessive force claim against Correctional Officer Winters.

B. **Procedural Due Process Claims**

Read liberally, Plaintiff's amended complaint alleges that his right to procedural due process was violated both by the adjudication of the disciplinary charges against him and by the denial of his grievances.

The Seventh Circuit has held that the filing of false disciplinary charges does not state a Fourteenth Amendment claim when the inmate is given a subsequent hearing on those charges in which the inmate is afforded certain procedural protections, including advance written notice of the violation, a written statement of fact-finding, and the right to present witnesses and evidence if it would not be unduly hazardous to prison safety to do so. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

In this case, Plaintiff contends that the charges against him were false, and he was not allowed to present witnesses or witness affidavits to challenge the charges. However, an inmate punished with disciplinary segregation can pursue a claim for the deprivation of liberty without due process only under certain limited circumstances. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743–44 (7th Cir. 2013). Whether a prisoner has a liberty interest in avoiding segregation depends on whether the confinement imposed an " 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Id.* at 743 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). In assessing whether disciplinary segregation amounts to a constitutional violation, the court must consider " 'the combined import of the duration of the segregative confinement *and* the conditions endured.' " *Id.* (quoting *Marion v. Columbia Corr. Inst.*, 559

F.3d 693, 697 (7th Cir. 2009)). Relatively short terms of segregation rarely give rise to liberty interest, at least in the absence of exceptionally harsh conditions. *Id*

Ultimately, it may be difficult for Plaintiff to establish a claim for violation of his right to procedural due process in regard to his disciplinary proceedings. *See Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (describing the right to litigate disciplinary confinements as "vanishingly small" after *Sandin*). However, in light of Plaintiff's allegation that he was housed for three months in a filthy, vermin-infested cell, the Court will allow the claim to proceed at this time against Defendants Winters, McClelland, Jackson, and Bishop.

However, the extent that Plaintiff claims any due process violation as a result of the denials of his grievances by Hardy and McBee, these claims fail. A state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Prison grievance procedures are not mandated by the First Amendment and do not by themselves create interests protected by the Due Process Clause, and "so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). Here, other than a conclusory allegation by Plaintiff that McBee and Hardy conspired with the other Defendants to violate his rights, there is no allegation that McBee and Hardy were involved in the underlying conduct.

Section 1983 creates a cause of action based on personal liability, so in order to be held liable an individual defendant must have caused or participated in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal citation omitted). "Mere administrative approval of an allegedly unconstitutional disciplinary sanction" does not

6

amount to personal involvement in that sanction. *Mills v. Ill. Dep't of Corr.*, No. 14-cv-526-JPG, 2014 U.S. Dist. LEXIS 75594, at *9-*10 (S.D. Ill. June 2, 2014) (citing *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007)). Nor can Hardy be held liable because of his position as warden of the prison, as the doctrine of *respondeat superior* does not apply to Section 1983 actions. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Supervisory liability can be found only if a supervisor knows about a subordinate's conduct and facilitates it, approves it, condones it, or turns a blind eye to it. *Id.* (internal citation omitted). Plaintiff's amended complaint does not allege facts supporting this theory of liability.

As to the conspiracy allegation, conspiracy is not an independent basis of liability under Section 1983. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Plaintiff seems to allege that Defendants conspired to violate his right to procedural due process, but that too is an insufficient basis for imposing liability upon Hardy and McBee, as Plaintiff's allegations of a conspiracy are bare legal conclusions. The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Some factual allegations may be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Id.* The instant complaint provides no factual basis for asserting a conspiracy claim against any of the Defendants, so it shall be dismissed.

In short, then, Plaintiff may proceed on a claim that Defendants McClelland, Winters, Jackson, and Bishop violated his right to procedural due process in regard to his disciplinary proceedings. All other procedural due process claims, and all claims against Hardy and McBee, are dismissed.

7

C.  **Retaliation**

Finally, Plaintiff alleges that Correctional Officer Winters and Sgt. McClelland retaliated against him for speaking up when Winters used aggressive and threatening language toward the inmates. Plaintiff contends that he had a First Amendment right to talk back, and that he did so in a respectful manner. By Plaintiff's account, when Officer Winters told the inmates not to ask him for anything, Plaintiff said he would ask another officer. Winters then turned his aggression on Plaintiff, and threatened to beat him up using vulgar language. At that point, Plaintiff replied, "You won't do shit to me." This led to the alleged physical confrontation, and Plaintiff contends that Winters and McClelland subsequently prepared a false disciplinary report against him.

To state a claim for retaliation, Plaintiff must prove: (1) that he engaged in protected conduct; and (2) that he was retaliated against for engaging in this protected conduct. *Dewalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 1999). Defendants contend that Plaintiff was not engaging in protected conduct at the time of the incident, and therefore cannot state a claim for retaliation.

The question of whether a prisoner's speech is protected by the First Amendment is governed by the standard set forth in *Turner v. Safley,* 482 U.S. 78, 89 (1987), under which a prison regulation that impinges on prisoners' constitutional rights is valid if " 'reasonably related to legitimate penological interests.' " *Watkins v. Kasper,* 599 F.3d 791, 794–95 (7th Cir. 2010).

In this regard, the Seventh Circuit has observed that when prisoners openly challenge prison officials' directives in front of other inmates, this has a negative impact on the prison's legitimate interest in promoting discipline. *Id.* at 797 (citing *Smith v. Mosley,* 532 F.3d 1270, 1277 (11th Cir. 2008) (holding that insubordinate remarks that are "inconsistent with the inmate's status as a prisoner or with the legitimate penological objectives of the corrections

8

system" are not protected)). While Plaintiff contends his remarks to Winters were "respectful," his public challenge to Winters was inconsistent with the legitimate interests of the prison in maintaining discipline and order, so it was not protected speech. *See id.* at 798-99 (holding that "confrontational, disorderly manner" in which inmate complained about the treatment of his personal property in front of other inmates removed his comments from First Amendment protection). This is particularly true given that there were alternative means for Plaintiff to express his complaint about any inappropriate behavior by Winters, as there is no dispute that the grievance process was available to him. *Id.* at 797. For these reasons, Plaintiff's retaliation claim against Defendants Winters and McClelland is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' "Motion to Dismiss Plaintiff's Amended Complaint" (Dkt. No. 39) is granted in part and denied in part. Plaintiff may proceed with the following claims: (1) a claim that Defendants McClelland, Winters, Jackson, and Bishop violated his right to procedural due process in regard to his disciplinary proceedings; (2) an excessive force claim against Defendant Winters. All other claims, and all other Defendants, are dismissed. The remaining Defendants are directed to file their answer to the complaint within 21 days of the date of this order.

ENTERED

Dated: 3/23/2015

_____
CHARLES R. NORGLE
United States District Court Judge